UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

TODD KREISLER                                                          **1:23 CV 00962**

                                        Plaintiff,

                                                                      **COMPLAINT**

            -against-
                                                                      **JURY TRIAL REQUESTED**

KOMI CORP. AND LAGADA, CORP.

                                        Defendants.
----------------------------------------------------------------x


## <u>COMPLAINT</u>

Plaintiff Todd Kreisler ("Plaintiff"), by counsel, Parker Hanski LLC, as and for the Complaint in this action against Defendants Komi Corp. and Lagada, Corp. (together referred to as "Defendants"), hereby alleges as follows:

### <u>NATURE OF THE CLAIMS</u>

1. Plaintiff is an individual with a mobility disability due to a physiological condition that prevents him from walking.

2. Unable to ambulate using his musculoskeletal system, Plaintiff uses a wheelchair for mobility.

3. Ritz Diner is a restaurant located at 1133 1st Avenue, New York, NY ("Ritz Diner").

4. Defendants are the owners, operators, and landlord of Ritz Diner.

5. Ritz Diner is a place of public accommodation.

6.   As detailed more fully below, Defendants violate each of the laws that prohibit disability discrimination by public accommodations through their ownership, operation, control, and lease of, Ritz Diner.

7.   Plaintiff brings this action because Defendants deny him, on the basis of disability, full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations ("equal access") of their place of public accommodation, Ritz Diner.

8.   Upon information and belief, Defendants created architectural elements at Ritz Diner that function as barriers to wheelchair access ("architectural barriers").

9.   Defendants continue to maintain architectural barriers at Ritz Diner.

10. The architectural barriers at Ritz Diner- for example, interior routes that are too narrow to accommodate wheelchairs and restrooms that are too small for wheelchair users to use - deny equal access to Plaintiff, and other individuals that require wheelchairs, due to disability.

11. The architectural barriers deny plaintiff equal access as they obstruct Plaintiff's ability to access the publicly available offerings therein based on disability.

12. By maintaining architectural barriers, Defendants deny Plaintiff, based on disability, equal access to Ritz Diner, a place of public accommodation.

13. By maintaining architectural barriers, Defendants deny Plaintiff, a disabled wheelchair user, the opportunity to patronize Ritz Diner based on disability - an opportunity Defendants make available to members of the public without mobility disabilities.

14. Defendants discriminate against Plaintiff on the basis of disability as due to his use of a wheelchair for mobility - as opposed to his legs - they deny him equal access to Ritz Diner.

15. By denying Plaintiff equal access to Ritz Diner, Defendants unlawfully discriminate against Plaintiff in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et seq.* and its implementing regulations; the New York Human Rights Law ("State HRL"), New York Executive Law ("N.Y. Exec. Law") Article 15; the New York Civil Rights Law, § 40 *et seq.* ("N.Y. CRL"); and the New York City Human Rights Law ("City HRL"), Administrative Code of the City of New York ("N.Y.C. Admin. Code") Title 8.

16. Defendants violate the ADA, the State HRL, the N.Y. CRL and the City HRL (collectively, the "Human Rights Laws") directly and through the actions, of their agents and employees.

17. Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

18. Defendants chose to ignore the explicit legal requirements that obligate them to make their place of public accommodation physically accessible and usable by persons with disabilities[1].

---

[1] As used in Plaintiff's Complaint the terms "accessible" and "readily accessible to and usable by" mean that the place of public accommodation complies with the design and construction standards referenced in Plaintiff's Complaint and can be approached, entered, and used by people having physical disabilities. *See* 42 U.S.C. § 12183, 28 C.F.R. § 36.406, and N.Y.C. Admin. Code § 27-232; and § 28-1102.1.

19. By ignoring their obligation to provide an accessible place of public accommodation, Defendants reveal their indifference to Plaintiff's (and other individuals with disabilities') right to equal access to Ritz Diner, a place of public accommodation.

20. Defendants, undoubtably aware that their decision to maintain architectural barriers in violation of the Human Rights Laws would be indiscernible to most persons, presumed that they would never have to make Ritz Diner accessible and provide equal access to individuals with disabilities.

21. Plaintiff, however, acts to compel Defendants to comply with the Human Rights Laws.

22. Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages and attorney's fees, costs, and expenses, to redress Defendants' unlawful disability discrimination against him in violation of the Human Rights Laws.

23. Plaintiff seeks to have Defendants make Ritz Diner physically accessible to and usable by individuals with disabilities so that Plaintiff, and other persons with mobility disabilities, have the opportunity to fully and equally enjoy the goods, services, facilities, privileges, advantages, and accommodations of the Ritz Diner place of public accommodation.

## JURISDICTION AND VENUE

24. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 as Plaintiff's claims involve federal questions regarding the deprivation of Plaintiff's rights under the ADA.

25. This Court also has supplemental jurisdiction over Plaintiff's State HRL, N.Y. CRL, and City HRL claims pursuant to 28 U.S.C. § 1367(a).

26. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' discriminatory acts alleged herein occurred in this district and the place of public accommodation is located in this district.

**PARTIES**

***Plaintiff***

27. Plaintiff suffers from a physiological condition that inhibits his ability to walk and which restricts his body motion range and movement.

28. Plaintiff is therefore an individual with a disability under the Human Rights Laws.

29. Due to his impairment, Plaintiff uses a wheelchair for mobility.

30. At all times relevant to this action, Plaintiff Todd Kreisler has been and remains a resident of the State and City of New York.

31. Plaintiff Todd Kreisler resides, and at all times relevant to this action, has resided .3 miles (within 4 blocks) from Ritz Diner.

32. Plaintiff enjoys going to diners to eat and has enjoyed the food at Ritz Diner on the occasions he has dined there.

33. Plaintiff last dined at Ritz Diner in December 2022.

34. Since then, Plaintiff has desired to dine at Ritz Diner as he enjoys the food but is deterred from eating there due to the architectural barriers Defendants maintain at Ritz Diner.

35. For example, because the bathroom facilities at Ritz Diner are not wheelchair accessible Plaintiff has put off dining at Ritz Diner, as should he require use of the restroom while dining there, Plaintiff would either need to leave mid-meal and suffer

embarrassment from having to abruptly exit, or if Plaintiff chose to stay and finish his meal, he would suffer physical distress and discomfort so he could complete his meal.

36. Plaintiff is also deterred from dining at Ritz Diner due to the other architectural barriers detailed in Paragraph 96 herein.

37. Plaintiff dines at diners one or more times a month.

38. Plaintiff desires to dine at Ritz Diner as it is a neighborhood eatery conveniently located near his home whose food he enjoys.

39. Plaintiff either personally observed or has been made aware of, the architectural barriers at Ritz Diner detailed in Paragraph 96 herein.

40. The architectural barriers detailed in Paragraph 96 herein exclude Plaintiff, based on disability, from the equal opportunity to participate in, or benefit from, the goods, services, facilities, privileges, advantages, and accommodations that Defendants offer to the general public at Ritz Diner.

41. Plaintiff would visit Ritz Diner but for the architectural barriers that deny him equal access to the place of public accommodation and the offerings therein.

42. Plaintiff continues to be deterred from visiting Ritz Diner due to the architectural barriers to access extant at the premises.

### ***Defendants***

43. Defendant Komi Corp. is a Domestic Business Corporation formed pursuant to the New York Business Corporation Law.

44. Defendant Komi Corp. engages in business in New York.

45. As an entity formed pursuant to the New York Business Corporation Law, Defendant Komi Corp. is not a governmental entity.

6

46. Defendant Komi Corp. owns the building located at 1133 1st Avenue in New York County, New York ("1133 1st Avenue").

47. Defendant Lagada, Corp. is a Domestic Business Corporation formed pursuant to the New York Business Corporation Law.

48. As an entity formed pursuant to the New York New York Business Corporation Law Defendant Lagada, Corp. is not a governmental entity.

49. Defendant Lagada, Corp. engages in business in New York.

50. Upon information and belief, Defendant Lagada, Corp. owns and operates, and at all relevant times has owned and operated Ritz Diner.

51. Upon information and belief, Defendant Lagada, Corp. leases the space in which Ritz Diner is located directly from Defendant Komi Corp.

52. Upon information and belief, Komi Corp. and Lagada, Corp. have a written agreement for the lease of the space in which Ritz Diner is located.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

53. Ritz Diner is operated by private entities as neither of the Defendants is a State or local government; a department, agency, special purpose district, or other instrumentality of a State or local government; or a commuter authority. 42 U.S.C. §§ 12131(1) and 12181(6).

54. The operations of Ritz Diner affect commerce. 28 C.F.R. § 36.104.

55. Ritz Diner, a restaurant located at 1133 1st Avenue, is a place of public accommodation pursuant to the Human Rights Laws. 42 U.S.C. § 12181 and 28 C.F.R. § 36.104; N.Y. Exec. Law § 292(9); and the N.Y.C. Admin. Code § 8-102.

7

56. Defendants own, lease, lease to, or operate Ritz Diner and the space in which Ritz Diner is located.

57. "Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are 'public accommodations' subject to" the Human Rights Laws. *2*8 C.F.R. § 36.201(b); *See also* 42 U.S.C. 12182(a); N.Y. Exec. Law §296(2)(a); N.Y.C. Admin. Code § 8-107(4)(a).

58.  Defendant Komi Corp., as owner of the building located at 1133 1st Avenue in which Ritz Diner is located, is an entity required to comply with the Human Rights Laws. *See Id*.

59. Defendant Komi Corp., [as] lessor of the space in which Ritz Diner is located is an entity required to comply with the Human Rights Laws. *See Id*.

60. Defendant Lagada, Corp. as owner of Ritz Diner, is an entity required to comply with the Human Rights Laws. *See Id*.

61. Defendant Lagada, Corp. as operator of Ritz Diner, is an entity required to comply with the Human Rights Laws. *See Id*.

62. The 1133 1st Avenue building in which Ritz Diner is sited is also a commercial facility subject to the ADA and the ADA Standards. *See* 42 U.S.C. § 12181(2).

63. N.Y.C. Admin. Code § 19-152 and § 7-210 impose a non-delegable duty on the owners of real property to repave, reconstruct, repair, and maintain the public sidewalk that abuts their real property.

8

64. As Defendant Komi Corp. is required to maintain, repave, reconstruct, and repair the public sidewalk that abuts its property, it controls, manages, and operates the public sidewalk that adjoins 1133 1st Avenue.

65. Defendant Komi Corp. therefore controls, manages, and operates the parts of the public sidewalk that constitute Ritz Diner's public entrance.

66. Numerous architectural barriers at Ritz Diner prevent or restrict physical access to Plaintiff and other persons with disabilities.

Alterations Performed Ritz Diner

67. Upon information and belief, Defendants renovated, remodeled, and reconstructed ("Modified") Ritz Diner, and areas of 1133 1st Avenue related to Ritz Diner in 1992, 1994, 2000 and 2001.

68. Ritz Diner was therefore renovated, remodeled, and reconstructed after January 26, 1992.

69. Upon information and belief, Defendants also Modified Ritz Diner and areas of 1133 1st Avenue related to Ritz Diner in various years before 1992 and after 2001.

70. Upon information and belief, the work Defendants performed to Ritz Diner in 1992, 1994, 2000 and 2001 included structural work, construction of partitions, changes to the ingress and egress between the premises and the public sidewalk, and the installation and rearrangement of fixed and movable seating.

71. The renovation, remodeling and reconstruction work performed to Ritz Diner and areas of 1133 1st Avenue related to Ritz Diner in 1992, 1994, 2000, and 2001, included changes to that affected, or which could have affected, the usability of Ritz Diner's space.

72. Ritz Diner is therefore "altered" within the meaning of the ADA. *See* 28 C.F.R. 36.402(b)(1).

73. The renovated, remodeled, reconstructed spaces, areas, and elements of Ritz Diner, are "altered areas" within the meaning of the ADA. *See Id.*

74. The renovated, remodeled, reconstructed spaces, areas, and elements of 1133 1st Avenue related to Ritz Diner constitute "altered areas" within the meaning of the ADA. *See Id.*

75. The renovation, remodeling and reconstruction of Ritz Diner's premises was done pursuant to architectural drawings that detailed the work to be performed Ritz Diner. *See* N.Y.C. Admin Code § 27-162 and § 28-104.7.1.

76. Upon information and belief, the architectural drawings specified the dimensions and placement of the architectural elements and fixtures at Ritz Diner. *See Id.*

77. Upon information and belief, the architectural drawings detailed the floor plan, layout, location of fixtures, flooring, entrances, demised spaces, and other architectural elements at Ritz Diner. *See Id.*

78. Upon information and belief, the architectural drawings also detailed the legal requirements to be complied with in the renovation, remodeling and reconstruction of Ritz Diner. *See Id.*

79. Upon information and belief, the legal requirements detailed in the architectural drawings included the design and construction standards that mandate the provision of physical access for persons with physical disabilities at Ritz Diner. *See Id.*

80. Upon information and belief, the design and construction standards referenced

in Defendants' architectural drawings included:

    i. the accessibility provisions of the 1968 New York City Building Code, N.Y.C. Admin. Code § 27-292.1 *et seq*. (the "1968 BC"), inclusive of ANSI A117.1-1986 as modified by 1968 BC Reference Standard RS 4-6 (the "1968 Ref Std"[2], and together with the 1968 BC, the "1968 NYC Standards");

    ii. the accessibility provisions of the 2008 New York City Building Code, N.Y.C. Admin. Code § 28-1101 *et seq*.[3] and Appendix E (the "2008 BC"), inclusive of ICC A117.1-2003 (the "2008 Ref Std") and together with the 2008 BC, the "2008 NYC Standards");

    iii. the accessibility provisions of the 2014 New York City Building Code, N.Y.C. Admin. Code § 28-1101 *et seq*. and Appendix E (the "2014 BC"), inclusive of and ICC A117.1-2009[4] (the "2014 Ref. Std., and together with the 2014 BC, the "2014 NYC Standards").

    iv. the 1991 ADA Standards for Accessible Design codified in 28 CFR part 36 Appendix A[5]; (hereinafter referred to as the "1991 ADA Standards"); and

    v. the 2010 ADA Standards for Accessible Design codified in 36 CFR part 1191 Appendices B and D, and 28 CFR part 36 Appendix A, subpart D (hereinafter referred to as the "2010 ADA Standards", and together with the 1991 ADA Standards, the "ADA Standards").

The 2014 NYC Standards, collectively with the 1968 NYC Standards and the 2008 NYC Standards, are referred to herein as the "NYC Standards". The ADA Standards together with the NYC Standards are collectively referred to herein as the "Accessibility Standards".

81. Upon information and belief, Defendants failed to comply with the

Accessibility Standards when they Modified Ritz Diner.

---

[2]See N.Y.C. Admin Code §§ 27-292.2 and Reference Standard 4-6.
[3] As such provisions (N.Y.C. Admin. Code § 28-1101 and Appendix E) existed prior to December 31, 2014, the effective date of the 2014 BC.
[4] See N.Y.C. Admin Code § 28-1101.2 and Appendix E, § § E101 and E112.
[5] Republished in 28 CFR part 36 Appendix D on Sept. 15, 2010. 28 C.F.R. § 36.104, 75 Fed. Reg. 56236, 56237 (September 15, 2010).

82. When Defendants Modified Ritz Diner and at all times thereafter that they performed design and construction work to its space, Defendants had knowledge of, and specific notice regarding their obligation to comply with the Accessibility Standards.

83. Defendants therefore knowingly failed to comply with the Accessibility Standards when they Modified Ritz Diner and the parts of 1133 1st Avenue related to Ritz Diner's space.

84. Defendants also acted with deliberate indifference to the equal access rights of persons with disabilities due to their failure to comply with the Accessibility Standards.

85. Upon information and belief, the lease agreement entered into by Defendants for the Ritz Diner premises provides that the space must comply with the Human Rights Laws.

86. Upon information and belief, the lease agreement entered into by Defendants for the Ritz Diner premises provides that the space must comply with the Accessibility Standards.

87. Defendant Komi Corp. is aware of its obligation to provide an accessible place of public accommodation.

88. As Defendant Komi Corp. is aware of its obligation to provide an accessible place of public accommodation, it knowingly and with deliberate indifference fails to comply with the Accessibility Standards.

89. Defendant Lagada, Corp. is aware of its obligation to provide an accessible place of public accommodation.

90. Indeed, when Plaintiff last dined at Ritz Diner in December 2022, and at various times prior to December 2022, Plaintiff advised Defendant Lagada, Corp., via its

employee or agent, that it does not have a restroom that is accessible to and usable by him, as a wheelchair user.

91. In December 2022, and at various times prior to December 2022, Plaintiff also asked Defendant Lagada, Corp., via its employee or agent, to provide a restroom that is accessible to and usable by him, as a wheelchair user.

92. Defendant Lagada, Corp. denied plaintiff's repeated requests that they provide an accessible restroom.

93. As Defendant Lagada, Corp. is aware of its obligation to provide an accessible place of public accommodation, it knowingly and with deliberate indifference fails to comply with the Accessibility Standards.

94. As a result of Defendants' failure to comply with the Accessibility Standards, the services, features, elements, and spaces of Ritz Diner are not accessible to Plaintiff as required by the Human Rights Laws. *See* 42 U.S.C. § § 12182(a), § 12183(a), and § 12186(b); N.Y. Exec. Law § 296(2)(a); and N.Y.C. Admin. Code § 8-107(4).

95. Because Defendants fail to comply with the Accessibility Standards Plaintiff was, and remains, unable to enjoy safe and equal access to Ritz Diner a place that is open and available to the public.

96. Architectural barriers which Plaintiff encountered and those that deter him from patronizing Ritz Diner include, but are not limited to, the following:

   I. No accessible entrance.
   *Defendants fail to provide that at least 50% of all public entrances are accessible. See 1991 ADA Standards § 4.1.3.8(a)(i).*
   *Defendants fail to provide that at least 60% of all public entrances are accessible. See 2010 ADA Standards § 206.4.1.*
   *Defendants fail to provide that ALL of public entrances are accessible. See 2014 BC § 1105.1.*

II. The minimum required pull side maneuvering clearance is not provided at the (first) entrance door.

*At entrance doors, Defendants fail to provide minimum maneuvering clearances necessary for a person in a wheelchair to use a door. See 1991 ADA Standards § 4.13.6; 2010 ADA Standards § 404.2.4.4; and 2014 NYC Standards § 404.2.3.*

III. The minimum required pull side maneuvering clearance is not provided at the (second) entrance door.

*At entrance doors, Defendants fail to provide the minimum maneuvering clearances necessary for a person in a wheelchair to use a door. See 1991 ADA Standards § 4.13.6; 2010 ADA Standards § 404.2.4.4; and 2014 NYC Standards § 404.2.3.*

IV. At the entrance vestibule, the minimum required clear space of 48 inches minimum between the doors in a series is not provided.

*At two doors in a series (or a vestibule), Defendants fail to provide a level floor area that is 48 inches between the two doors plus the width of doors swinging into the space. See 1991 ADA Standards § 4.13.7; 2010 ADA Standards § 404.2.6; and 2014 NYC Standards § 404.2.5.*

V. The minimum required turning space between the two doors in a series at the entrance vestibule is not provided.

*At two doors in a series (or a vestibule), Defendants fail to provide a level turning space between the two doors. See 2014 NYC Standards § 404.2.5.*

VI. No accessible route to each public area, dining surfaces (bar counter and tables) and toilet rooms.

*Defendants fail to provide an accessible route to each portion of the building that connects to accessible building entrances. See 1991 ADA Standards § 4.1.2(2); 2010 ADA Standards § 206.2.4; and 2014 BC § 1104.3.*

VII. No accessible dining surfaces at the bar.

*Defendants fail to provide that a portion of the main counter, 60 inches in length minimum with a maximum height of 34 inches at counters where food or drink is served. See 1991 ADA Standards § 5.2.*
*Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with the requirements for dining surfaces. See 2010 ADA Standards §§ 226.1 and 902; and 2014 BC § 1109.10.*

VIII. No accessible tables in the dining area.

*Defendants fail to provide that at least 5% of the table surfaces provided to customers are accessible. See 1991 Standard 5.1; 2010 ADA Standards § 226.1; and 2014 BC § 1109.10.*

14

*IX.* No accessible service counter.
*Defendants fail to provide an accessible portion of counter that is no greater than 36 inches above the finish floor and no less than 36 inches in length (and which extends the same depth as the general sales and/or service counter). See 1991 ADA Standards § 7.2(1); 2010 ADA Standards § 904.4; and 2014 NYC Standards § 904.3.*

*X.* No accessible men's toilet room
*Defendants fail to provide accessible toilet facilities. See 1991 ADA Standards § 4.1.3(11); 2010 ADA Standards § 213.1; and 2014 BC § 1109.2.*
*Defendants fail to provide that each toilet room is accessible. See 1991 ADA Standards § 4.1.3(11); 2010 ADA Standards § 213.2; and 2014 BC § 1109.2.*

XI. The men's toilet room door has a door knob which requires tight grasping and twisting of the wrist.
*At interior doors, Defendants fail to provide handles, pulls, latches, locks, and other operable parts that are operable with one hand and do not require tight grasping, pinching, or twisting of the wrist. See 1991 ADA Standards § 4.13.9; 2010 ADA Standards § 404.2.7; and 2014 NYC Standards § 404.2.6.*

XII. The men's toilet room door has a threshold with a change in level greater than ½" vertical.
*At interior doors, Defendants fail to provide a threshold that is less than ¼ inch vertical and ½ inch beveled with a slope more than 2:1. See 1991 ADA Standards § 4.13.8; 2010 ADA Standards § 404.2.5; and 2014 NYC Standards § 404.2.4.*

XIII. The men's toilet room lacks maneuvering clearances on both sides of the toilet room door.
*At interior doors, Defendants fail to provide level maneuvering clearances on both sides of the door. See 1991 ADA Standards § 4.13.6; 2010 ADA Standards § 404.2.4.3; and 2014 NYC Standards § 404.2.3.4.*

XIV. The men's toilet room door offers less than 32 inches of clear opening width.
*At interior doors, Defendants fail to provide at least 32 inches of clear opening width, measured from the face of the door to the stop with the door open at a ninety degree angle.  See 1991 ADA Standards § 4.13.5; 2010 ADA Standards § 404.2.3; and 2014 NYC Standards § 404.2.2.*

XV. The men's toilet room lacks a turning space.
*Defendants fail to provide the required turning space within accessible toilet and bathing facilities. See 1991 ADA Standards § 4.23.3; 2010 ADA Standards § 603.2.1; and 2014 NYC Standards § 603.2.1.*

XVI. The men's toilet room lacks an accessible water closet. See items XVII to XX.
*Defendants fail to provide at least one accessible water closet. See 1991 ADA Standards § 4.23.4; 2010 ADA Standards § 213.3.2; and 2014 BC § 1109.2.*

XVII. The men's toilet room lacks a water closet that is located 16" to 18" from the side wall.

> *Defendants fail to provide an accessible standard water closet positioned with the centerline of the water closet 16 inches minimum to 18 inches maximum from the side wall or partition. See 1991 ADA Standards § 4.16.2; 2010 ADA Standards § 604.2; and 2014 NYC Standards § 604.2.*

XVIII. The men's toilet room lacks a water closet with the required clearances.

> *Defendants fail to provide a clearance around the accessible water closet that is 60 inches minimum measured perpendicular from the side wall and 56 inches minimum measured perpendicular from the rear wall. See 2010 ADA Standards § 604.3.1; and 2014 NYC Standards § 604.3.1.*

XIX. The men's toilet room lacks grab bars at the water closet.

> *Defendants fail to provide an accessible water closet with a side wall grab bar that is 42 inches long minimum, located 12 inches maximum from the rear wall and extending 54 inches minimum from the rear wall. See 1991 ADA Standards § 4.16.4; 2010 ADA Standards § 604.5.1; and 2014 NYC Standards § 604.5.1.*
>
> *Defendants fail to provide an accessible water closet with a vertical side wall grab bar. See 2014 NYC Standards § 604.5.1.*
>
> *Defendants fail to provide an accessible water closet with a rear wall grab bar that is 36 inches long minimum and which extends from the centerline of the water closet 12 inches minimum on one side and 24 inches minimum on the other side. See 1991 ADA Standards § 4.16.4; 2010 ADA Standards § 604.5.2; and 2014 NYC Standards § 604.5.2.*

XX. The men's toilet room lacks an accessible toilet paper dispenser at the water closet.

> *Defendants fail to provide an accessible water closet with a toilet paper dispenser that is located 7 inches minimum and 9 inches maximum in front of the water closet, as measured to the centerline of the dispenser. See 2010 ADA Standards § 604.7; and 2014 NYC Standards § 604.7.*

XXI. The men's toilet room lacks an accessible lavatory.

> *Defendants fail to provide at least one accessible lavatory within accessible toilet and bathing facilities. See 1991 ADA Standards § 4.23.6; 2010 ADA Standards § 213.3.4; and 2014 BC § 1109.2.*

XXII. The men's toilet lacks an accessible lavatory with a clear floor space for a forward approach.

> *Defendants fail to provide accessible lavatories and/or sinks with a clear floor space of 30 inches by 48 inches positioned for a forward approach and the required knee and toe clearance. See 1991 ADA Standards § 4.19.3 and 4.24.5; 2010 ADA Standards § 606.2; and 2014 NYC Standards § 606.2.*

16

XXIII. The men's toilet room lacks an accessible lavatory with faucet controls that do not require tight grasping, pinching, or twisting of the wrist.

*Defendants fail to provide accessible lavatories and/or sinks with faucet controls that are operable with one hand and do not require tight grasping, pinching, or twisting of the wrist. See 1991 ADA Standards § 4.19.5 and 4.24.7; 2010 ADA Standards § 606.4; and 2014 NYC Standards § 606.4.*

XXIV. The men's toilet room lacks an accessible mirror.

*Defendants fail to provide at least one accessible mirror within accessible toilet and bathing facilities. See 1991 ADA Standards § 4.23.6; 2010 ADA Standards § 213.3.5; and 2014 BC § 1109.2.*

XXV. The men's toilet room appears to have a mirror that is more than 40" above the finish floor.

*Defendants fail to provide an accessible mirror (when located above lavatories or countertops) that is installed with the bottom edge of the reflecting surface 40 inches maximum above the finish floor within accessible toilet and bathing facilities. See 1991 ADA Standards § 4.19.6; 2010 ADA Standards § 603.3; and 2014 NYC Standards § 603.3.*

XXVI. The men's toilet room does not have a paper towel dispenser within an accessible reach range.

*Defendants fail to provide that operable parts are within accessible reach ranges. See 1991 ADA Standards § 4.2.5 and 4.2.6; 2010 ADA Standards § 308.1; and 2014 NYC Standards § 308.1.*

XXVII. The exit door is not accessible. See item XXVIII to XXX.

*Defendants fail to provide accessible means of egress in the number required by the code. See 1991 ADA Standards § 4.1.3(9); 2010 ADA Standards § 207.1; and 2014 BC § 1007.1.*

XXVIII. There is no push side maneuvering clearance at the exit door.

*At entrance doors, Defendants fail to provide minimum maneuvering clearances necessary for a person in a wheelchair to use a door. See 1991 ADA Standards § 4.13.6; 2010 ADA Standards § 404.2.4.4; and 2014 NYC Standards § 404.2.3.*

XXIX. There is a step at the exit door.

*At entrance doors, Defendants fail to provide a threshold that is less than ¼ inch vertical and ½ inch beveled with a slope more than 2:1. See 1991 ADA Standards § 4.13.8; 2010 ADA Standards § 404.2.5; and 2014 NYC Standards § 404.2.4.*

XXX. There is a step at the exit door.

*At entrance doors, Defendants fail to provide level maneuvering clearances without any changes in level.  See 1991 ADA Standards § 4.13.6; 2010 ADA Standards § 404.2.4.4; and 2014 NYC Standards § 404.2.3.*

97. Upon information and belief, a full inspection of Ritz Diner will reveal the existence of other barriers to access.

98. To properly remedy Defendants' discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of Ritz Diner to catalogue the other architectural barriers at Ritz Diner so that Defendants remediate Ritz Diner to be accessible to him as a wheelchair user.

99. Plaintiff therefore gives notice that, to the extent not contained in this Complaint, he intends to amend his Complaint to include any violations of the Accessibility Standards or Human Rights Laws discovered during an inspection of Ritz Diner.

100.    Defendants deny Plaintiff the opportunity to participate in or benefit from their services and accommodations because of disability.

101.    Defendants provide Plaintiff and similarly situated disabled persons with lesser opportunity to enjoy the facilities, goods, services, offerings, and accommodations of Ritz Diner, than the opportunity Defendants provide to non-mobility impaired customers.

102.    Upon information and belief, Defendants provide non-mobility impaired persons with the physical access Defendants are legally obligated to provide under the N.Y.C. Admin. Code and the N.Y. Executive Law.

103.    In stark contrast, Defendants fail to provide Plaintiff and other mobility impaired persons with the physical access Defendants are legally obligated to provide under the N.Y.C. Admin. Code and the N.Y. Executive Law.

104.    Defendants' discriminatory policy is clear: Inclusion for non-mobility impaired persons; Exclusion for mobility-impaired persons.

105.    Defendants discriminate against Plaintiff, as based on disability, they treat him, and other individuals with mobility disabilities, worse than non-mobility impaired persons.

106.    Defendants continue to discriminate against Plaintiff and other mobility impaired customers by limiting and reducing the options available to disabled patrons as compared to the options available to nondisabled customers.

107.    Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures comply with the Human Rights Laws.

108.    Defendants have not provided accommodations or modifications so that Plaintiff and other persons with disabilities can have equal opportunity with respect to Ritz Diner.

109.    Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendants' non-compliance with the Human Rights Laws. This threat is particularly evidenced by the existence of barriers to access at Ritz Diner that deter and deny Plaintiff access based on disability.

110.    Plaintiff desires to dine at Ritz Diner but has been, and continues to be, deterred from doing so due to the architectural barriers to access Defendants maintain at Ritz Diner.

111.    Plaintiff desires that Defendants remove the architectural barriers at Ritz Diner so he can have equal access to it and avail himself of the offerings therein.

## ALLEGATIONS RELATED TO TESTER STATUS

112.    In addition to desiring equal access to Ritz Diner for himself, Plaintiff also acts as an independent advocate for the rights of similarly situated persons with disabilities.

113.    Plaintiff desires that other similarly situated persons do not have their right to equal access to Defendants' place of public accommodation, Ritz Diner, and the 1133 1st Avenue commercial facility, violated by Defendants.

114.    So that other individuals with disabilities that require wheelchairs benefit from his advocacy, Plaintiff is a "tester" for the purpose of protecting and enforcing, the equal access rights of similarly situated persons with disabilities at places of public accommodation and commercial facilities.

115.    As a tester Plaintiff acts to determine and ensure that places of public accommodation and commercial facilities are compliant with the ADA and the ADA Standards.

116.    Plaintiff therefore monitors places of public accommodation and commercial facilities to determine that they comply with the ADA and the ADA Standards.

117.    Plaintiff will monitor Ritz Diner and the 1133 1st Avenue commercial facility to determine and ensure that it complies with the ADA and the ADA Standards.

118.    Should Ritz Diner cease operating at the 1133 1st Avenue commercial facility Plaintiff will continue to monitor the space it occupied to determine and ensure

20

that prior to the space reopening as a place of public accommodation, it complies with the ADA and the ADA Standards.

119.    As a tester, Plaintiff is additionally motivated to return to Ritz Diner and the 1133 1st Avenue commercial facility within which it is located.

120.    In addition to his desire to return to Ritz Diner and the 1133 1st Avenue commercial facility for himself, Plaintiff intends to return to Ritz Diner and the 1133 1st Avenue commercial facility within which it is located to monitor Defendants' compliance with their obligations under the ADA and the ADA Standards as a means of enforcing his and other similarly situated persons right to equal access.

**FIRST CAUSE OF ACTION**
**(VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)**

121.    Plaintiff re-alleges and incorporates herein all prior allegations set forth in this Complaint.

122.    Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA. 42 U.S.C. § 12102; 28 C.F.R. § 36.105(a) and (b).

123.    As a direct and proximate result of Plaintiff's disability, Plaintiff requires a wheelchair for mobility.

124.    "Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are 'public accommodations' subject to" the ADA. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(b).

125.    The ADA imposes joint and several liability on each of the owner of a building in which a place of public accommodation is located, the lessor of space in a building to a place of public accommodation, the lessee of space in a building for a place of public accommodation, and the owner or operator of the place of public accommodation. *See* 28 C.F.R. § 36.201(b).

126.    Therefore, pursuant to the ADA, each of the building owner, lessor, lessee, owner, and operator of Ritz Diner, a place of public accommodation, is liable to Plaintiff. *See Id.*

127.    None of the Defendants can avoid liability under the ADA by transferring their obligations to comply with the ADA to another entity. 28 C.F.R. 36.201(b).

128.    Defendants continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to access Ritz Diner on the basis of disability.

129.    Defendants' policies and practices continue to subject Plaintiff to disparate treatment and disparate impact.

130.    By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are neither desired nor welcome as patrons of Ritz Diner.

131.    Defendants performed design and construction work to the Ritz Diner premises but failed to ensure that the design and construction work complied with the ADA Standards. As a result, Ritz Diner, a place of public accommodation, is not readily accessible to and usable by Plaintiff, and other persons that use wheelchairs. *See* 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. § 12183(a)(1).

132.    Defendants discriminate against Plaintiff in violation of the ADA as they built a place of public accommodation that is not accessible to Plaintiff based on disability. *See* 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. § 12183(a)(1).

133.    Defendants fail to provide an integrated and equal setting for the disabled at Ritz Diner in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

134.    In violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2), Defendants failed to make Ritz Diner compliant with the ADA Standards to the maximum extent feasible when they performed work that constituted alterations to Ritz Diner.

135.    Defendants failed to provide "readily accessible and usable" paths of travel to the altered primary function areas of Ritz Diner in violation of 28 C.F.R. § 36.403.

136.    Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access at Ritz Diner in violation of 28 C.F.R. § 36.304.

137.    It has been and remains readily achievable for Defendants to make Ritz Diner accessible by complying with the ADA Standards.

138.    By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability in violation of 42 U.S.C. § 12182(a), § 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

139.    In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal to the extent Defendants allege

that the removal of any of the barriers to access was, and remains, not readily achievable. 28 C.F.R. § 36.305.

140.   Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

141.   Defendants continue to discriminate against Plaintiff in violation of the ADA by maintaining a place of public accommodation, Ritz Diner, that is not compliant with the ADA Standards, and therefore not accessible.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)

142.   Plaintiff re-alleges and incorporates herein all prior allegations set forth in this Complaint.

143.   Plaintiff suffers from medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activity of walking.

144.   As a result of his impaired bodily functions, Plaintiff suffers from a disability within the meaning of the N.Y. Exec. Law § 292(21).

145.   The State HRL guarantees the right of all individuals to equal opportunity with respect to places of public accommodations, regardless of disability. N.Y. Exec. Law §§ 290 and 291.

**Section § 296(2) Violations: Denial of Equality of Opportunity.**

146.   To protect the guaranteed right of persons with disabilities to equal access, the State HRL provides that it is an unlawful discriminatory practice for owners, lessees,

and operators of places of public accommodation "directly or indirectly to refuse, withhold from or deny any of the accommodations, advantages, facilities or privileges" of their place of public accommodation to a person because of disability. N.Y. Exec. Law § 296(2)(a).

147.   Defendants engage in an unlawful discriminatory practice in violation of the State HRL as they directly or indirectly deny Plaintiff "equal opportunity" (*i.e.*, equal access) to enjoy the offerings of their place of public accommodation. N.Y. Exec. Law 296(2)(a).

148.   Defendants engage in an unlawful discriminatory practice prohibited by the State HRL as they created and maintain a place of public accommodation, Ritz Diner, that is not accessible to Plaintiff due to disability. N.Y. Exec. Law § 296(2)(a).

149.   Defendants continue to discriminate against Plaintiff in violation of the State HRL by maintaining and/or creating an inaccessible place of public accommodation. N.Y. Exec. Law § 296(2).

150.   Defendants have subjected Plaintiff to disparate treatment by denying Plaintiff equal access to Ritz Diner, their place of public accommodation, because Plaintiff is disabled.

151.   Defendants continue to subject Plaintiff to disparate treatment by denying Plaintiff equal access to Ritz Diner because Plaintiff is disabled.

**Section § 296(2)(c) Violations: Failure to Make Readily Achievable Accommodations and Modifications.**

152.    Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access at Ritz Diner in violation of the State HRL. N.Y. Exec. Law § 296(2)(c)(iii).

153.    It remains readily achievable for Defendants to remove the barriers to access at Ritz Diner.

154.    Defendants cannot demonstrate that the removal of the barriers to access at Ritz Diner is not readily achievable. N.Y. Exec. Law § 296(2)(c)(iii) and (v).

155.    Alternatively, should Defendants demonstrate that it is not readily achievable the remove any barriers to access at Ritz Diner, Defendants discriminate in violation of the State HRL as they fail to provide Plaintiff and other persons with disabilities, equal opportunity to enjoy the privileges, advantages, and accommodations they offer at Ritz Diner through alternative methods. N.Y. Exec. Law § 296(2)(c)(v).

156.    It would be readily achievable to make Ritz Diner accessible through alternative methods.

157.    Defendants have failed to make reasonable modifications to their policies, practices, and procedures necessary to provide Plaintiff with access to Ritz Diner, and the privileges, advantages, or accommodations they offer therein in violation of the State HRL. N.Y. Exec. Law § 296(2)(c)(i).

158.    Defendants cannot demonstrate that modifying their policies, practices and procedures would fundamentally alter the nature of Ritz Diner or the privileges, advantages, or accommodations they offer.

26

159.    In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal in violation of the State HRL. N.Y. Exec. Law § 296(2)(c)(v).

160.    It is and would have been readily achievable for Defendants to make Ritz Diner accessible to persons with disabilities.

161.    It does not and would not have imposed an undue hardship or undue burden on Defendants to have made Ritz Diner accessible for persons with disabilities.

**Section 296(6) Violations: Aid and Abet Discrimination.**

162.    Under the State HRL it is "an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so". N.Y. Exec. Law § 296(6).

163.    Each of the Defendants have aided, abetted, incited, compelled, or coerced others to engage in unlawful discriminatory practices.

**Section 300: The State HRL's Liberal Construction Requirement.**

164.    In 2019, the New York State legislature amended the Executive Law to provide increased protections for classes protected by the State HRL. N.Y. Exec. Law § 300, as amended by Chapter 160 of the Laws of 2019, § 6.

165.    The 2019 amendment added language at the start of the State HRL's Construction section (N.Y. Exec. Law § 300) to explain that the law must be:

> construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed.

*Id*.

27

166.    With the 2019 amendment, the State HRL is no longer coextensive with federal anti-discrimination law.

167.    Defendants' conduct is therefore subject to a significantly stricter standard under the State HRL than under Federal anti-discrimination laws, including the ADA.

168.    The State HRL's stricter standards include those situations where the ADA has provisions that are comparably worded to the State HRL's provisions. *Id*.

169.    Defendants must therefore provide an accessible place of public accommodation in instances where the ADA does not require Defendants to provide accessibility.

170.    As a direct and proximate result of Defendants' unlawful discrimination in violation of State HRL, Plaintiff has suffered, and continues to suffer emotional distress, including humiliation, embarrassment, stress, and anxiety.

171.    Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)

172.    Plaintiff re-alleges and incorporates herein all prior allegations set forth in this Complaint.

173.    Plaintiff suffers from medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range.

174.    Due to his impaired bodily functions, Plaintiff has a disability within the meaning of the City HRL. N.Y.C. Admin. Code § 8-102.

**Section 8-107(4)(a)(1)(a) Violations: Denial of Equal Opportunity.**

175.    The City HRL guarantees the right of all individuals, regardless of disability, to equal opportunity (*i.e.*, equal access) to places of public accommodations.

176.    "Equal access, in the words of the City HRL, is the opportunity to have "full and equal enjoyment, on equal terms and conditions" to the accommodations, advantages, services, facilities, and privileges of a place of public accommodation. N.Y.C. Admin. Code § 8-107(4).

177.    Defendants engage in an unlawful discriminatory practice prohibited by the City HRL as they as they created and maintain a place of public accommodation, Ritz Diner, which is not accessible to Plaintiff due to disability. N.Y.C. Admin. Code § 8-107(4)(a)(1)(a).

178.    Defendants are also liable for the conduct of their employees and agents which resulted in the creation and maintenance of a place of public accommodation which is not accessible. N.Y.C. Admin. Code § 8-107(13).

179.    Because Defendants created and maintain a place of public accommodation that is not accessible to Plaintiff due to disability, Defendants directly and indirectly "refuse, withhold from, or deny" Plaintiff equal opportunity to enjoy the "accommodations, advantages, services, facilities or privileges" of Ritz Diner due to his disability.

180.    Defendants' policies and procedures inclusive of their policies of refusing to expend funds to design, create and maintain an accessible place of public accommodation is a discriminatory practice in violation of City HRL. N.Y.C. Admin. Code § 8-107 (4).

181.    Defendants' failure to construct and maintain an accessible entrance from the public sidewalk to Ritz Diner constitutes disability discrimination in a violation of the City HRL. N.Y.C. Admin. Code § 8-107(4)(a)(1)(a); *See* also N.Y.C. Admin. Code § 19-152 and § 7-210.

182.    Defendants' failure to provide an accessible place of public accommodation and consequent denial of equal opportunity to Plaintiff constitutes an ongoing continuous pattern and practice of disability discrimination. in violation of the City HRL. N.Y.C. Admin. Code § 8-107(4)(a)(1)(a).

183.    Defendants discriminate against Plaintiff as they subject him to disparate impact in violation of the City HRL. N.Y.C. Admin. Code § 8-107(4).

184.    Defendants subject Plaintiff to disparate impact as they directly and indirectly deny Plaintiff equal opportunity to enjoy the accommodations, advantages, facilities, and privileges of Ritz Diner because of his disability.

185.    Defendants' policies or practices, "whether neutral on their face and [or] neutral in intent"[6] result in a disparate impact to the detriment of the individuals with mobility disabilities, the protected class of which Plaintiff is a member. *See* N.Y.C Admin. Code § 8-107(17).

186.    Defendants' failure to comply with the NYC Building Code as well as their failure to expend monies to upgrade and alter Ritz Diner to remove obsolete features such as steps at doors, are policies and practices that have a significantly adverse and disproportionate impact on persons with mobility disabilities, including Plaintiff.

---

[6] *Levin v Yeshiva Univ.*, 96 NY2d 484, 489(2001).

187.    Because the result of Defendants' policies and practices is a place of public accommodation that is not accessible to people with mobility disabilities, Plaintiff has demonstrated that Defendants' policy or practice has a disproportionately negative impact on the disabled including Plaintiff.

**Section 8-107(15) Violations: Failure to Provide Reasonable Accommodations.**

188.    Defendants also discriminate against Plaintiff in violation of the City HRL as they have not made reasonable accommodations for the needs of persons with disabilities. N.Y.C. Admin. Code § 8-107(15)(a).

189.    Defendants' failure to make reasonable accommodations include their failure to remove the architectural barriers to access detailed in Paragraph 96 herein so that individuals with disabilities, including Plaintiff, have equal opportunity to enjoy what Defendants offer at Ritz Diner. *See Id*.

190.    Defendants have known, or should have known, that members of the public, which includes current and prospective patrons such as Plaintiff, have mobility disabilities.

191.    Defendants have known, or should have known, reasonable accommodations (including by failing to remove the architectural barriers to access detailed in Paragraph 96 herein) are required so that persons with mobility disabilities can have the equal opportunity to enjoy what Defendants offer at Ritz Diner.

192.    Defendants' knowledge that reasonable accommodations are required to provide persons with mobility equal opportunity to enjoy Ritz Diner is additionally evidenced by Plaintiff's plea to Defendants for reasonable accommodations based on disability.

193.    In December 2022, and at various times prior to December 2022, Plaintiff advised Defendant Lagada, Corp., via its employee or agent, that it does not have a restroom that is accessible to and usable by him, as a wheelchair user.

194.    In December 2022, and at various times prior to December 2022, Plaintiff also asked Defendant Lagada, Corp., via its employee or agent, to provide a restroom that is accessible to and usable by him, as a wheelchair user.

195.    Defendant Lagada, Corp. denied plaintiff's repeated requests that they provide an accessible restroom.

196.    It would not cause undue hardship in the conduct of the Defendants' business to remove the architectural barriers to access detailed in Paragraph 96 herein as a reasonable accommodation for persons with disabilities.

197.    Defendant cannot demonstrate that it would cause undue hardship to the conduct of their respective businesses to remove the architectural barriers to access detailed in Paragraph 96 herein as a reasonable accommodation for persons with disabilities.

198.    Defendants' failure to provide reasonable accommodations for persons with disability, inclusive of Defendants' failure to remove the barriers to access identified in Paragraph 96 herein, and their consequent denial of equal opportunity to Plaintiff, constitutes an ongoing continuous pattern and practice of disability discrimination in violation of the City HRL. N.Y.C. Admin. Code § 8-107(4)(a)(1)(a).

**Section 8-130: The City HRL's Construction and Maximally Protective Role.**

199.    To further the City HRL's "uniquely broad remedial purposes" (Local Law No. 85 (2005) of City of New York § 7) and to ensure that it the law is "maximally

protective of civil rights in all circumstances" (Local Law No. 35 (2016) of City of New York § 1), the New York City Council amended the City HRL's Construction provision, N.Y.C. Admin. Code § 8-130, in 2005 and 2016. Local Law 85 (2005), and Local Law 35 (2016).

200.    The 2005 and 2016 amendments confirm that the City HRL is not coextensive with federal or state civil rights laws "regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably worded to provisions of this title, [the City HRL,] have been so construed". N.Y.C. Admin. Code § 8-130(a), as amended by Local Law 85§ 7 and Local Law 35 § 2.

201.    The 2005 and 2016 amendments instead provide that the City HRL's protections are cumulative to the protections provided by federal or state civil rights laws, as the City HRL must "be interpreted liberally and independently of similar federal and state provisions" to accomplish the City HRL's uniquely broad and remedial purposes "as one of the most expansive and comprehensive human rights laws in the nation". Rep of Governmental Affairs Div, Comm on Civ Rights at 6 and 8, March 8, 2016, Local Law Bill Jacket, Local Law No. 35 (2016) of City of NY (Adding to Local Law 85 § 1's already explicit language which provided that the obligations imposed on entities subject to the City HRL by "similarly worded provisions of federal and state civil rights laws [are] as a floor below which the City's Human Rights law cannot fall.").

202.    The 2016 Amendments to the City Human Rights Law additionally direct that "[e]xceptions to and exemptions from the provisions of this title [(the City HRL)] shall be construed narrowly in order to maximize deterrence of discriminatory conduct". N.Y.C. Admin. Code § 8-130(b), as amended by Local Law 35 (2016) § 2.

203.    Due to the above-referenced amendments, the New York City Human

Rights Law provides significantly greater protections to its protected classes "in all

circumstances" than what the ADA and State HRL provide to persons in the same

protected classes.

204.    Defendants' conduct is therefore subject to a markedly stricter standard

under the City HRL than under Federal and state anti-discrimination law

205.    Defendants' liability under the City HRL for their conduct alleged herein

must be determined separately and independently from their liability under the ADA or

State HRL, to the extent that Defendants escape liability under the ADA or State HRL.

N.Y.C. Admin. Code § 8-130, as amended by Local Law 85 and Local Law 35.

206.    Conversely to the extent that Defendants' conduct alleged herein violates

the ADA or State HRL, Defendants automatically violate the City HRL.

207.    Therefore, Defendants' violations of the ADA, the ADA Standards, and

the State HRL alleged herein constitute discrimination under the City HRL.

208.    Defendants continue to discriminate based on disability in violation of the

City HRL (N.Y.C. Admin. Code § 8-107(4)) due to their ongoing violations of the ADA,

the ADA Standards, and the State HRL alleged herein.

209.    The City HRL's stricter standards also apply in situations where the ADA

and the State HRL have provisions that are comparably worded to the City HRL's

provisions. N.Y.C. Admin. Code § 8-130.

210.    Defendants must therefore provide an accessible place of public

accommodation, regardless of their obligation to provide accessibility under similarly

worded provisions of the ADA or the State HRL.

34

**Section 8-107(6) Violations: Aid and Abet Discrimination.**

211.     In violation of the City HRL, Defendants have and continue to, aid and abet, incite, compel, or coerce each other in each of the other Defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation, all because of disability. N.Y.C. Admin. Code § 8-107(6).

212.     Each of the Defendants have aided and abetted others in committing disability discrimination.

213.     Defendants' conduct constitutes an ongoing and continuous violation of the City HRL.

214.     Unless Defendants are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law.

215.     In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendants' place of public accommodation.

216.     As a direct and proximate result of Defendants' unlawful discrimination in violation of the City HRL, Plaintiff has suffered, and continues to suffer emotional distress, including humiliation, stress, and embarrassment.

217.     Upon information and belief, Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the City HRL.

218.    By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

219.    Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to City HRL N.Y.C. Admin. Code § 8-502.

220.    By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by diverting monies Defendants should have expended to provide an accessible space to themselves.

221.    By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space.

222.    The amounts Defendants diverted to themselves, and the unlawful revenues they gained, plus interest must be disgorged.

223.    Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)**

224.    Plaintiff re-alleges and incorporates herein all prior allegations set forth in this Complaint.

225.    Defendants continue to discriminate against Plaintiff in violation of the State HRL. N.Y. Exec. Law § 290 *et seq.*

226.    Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by N.Y. CRL §§ 40-c and 40-d for each and every violation.

227.    Notice of this action has been served upon the Attorney General as required by N.Y. CRL § 40-d.

## INJUNCTIVE RELIEF

228.    Plaintiff will continue to experience unlawful discrimination as a result of Defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief Ordering Defendants to alter and modify their place of public accommodation to comply with the Accessibility Standards and the Human Rights Laws, is necessary.

229.    Injunctive relief is necessary to make Defendants' place of public accommodation readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

230.    Injunctive relief is also necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, State HRL, and the City HRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, jointly and severally, in favor of Plaintiff that contains the following relief:

A.  Enter declaratory judgment declaring that Defendants have violated the ADA and its implementing regulations, the State HRL, and the City HRL, and declaring the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices, and procedures;

B.  Issue a permanent injunction ordering Defendants to close Ritz Diner at 1133 1st Avenue to the public until Defendants remove all violations of the ADA, the 1991 ADA Standards, the 2010 ADA Standards, the State HRL and the City HRL, including but not limited to the violations set forth above;

C.  Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.  Award Plaintiff compensatory damages as a result of Defendants' violations of the State HRL and the City HRL;

E.  Award Plaintiff punitive damages in order to punish and deter the Defendants for their violations of the City HRL;

F.  Award Plaintiff the monetary penalties for each and every violation of the law, per defendant, pursuant to N.Y. CRL §§ 40-c and 40-d;

G.  Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the ADA, the State HRL, and City HRL; and

H.  For such other and further relief, at law or in equity, to which Plaintiff

may be justly entitled.

Dated: February 6, 2023
New York, New York

Respectfully submitted,

**PARKER HANSKI LLC**

By:/s_____
Adam S. Hanski, Esq.
Attorneys for Plaintiff
40 Worth Street, Suite 602
New York, New York 10013
Telephone: (212) 248-7400
Facsimile: (212) 248-5600
Email:ash@parkerhanski.com